UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-437-KKC

JAMES WRIGHT, also known as Edward Lois Smith           PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                 DEFENDANT

The plaintiff, James Wright, also known as Edward Lois Smith, is confined in the United States Penitentiary McCreary ("USP-McCreary"), located in Pine Knot, Kentucky. Wright has filed a *pro se* civil complaint asserting claims under the Federal Tort Claims Act, Title 28 U.S.C. §§1346(b), 2671-2680.[1] The named defendant is the "Federal Financial Litigation Unit."

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is:

---

[1] The Clerk of the Court docketed this proceeding as one falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court will instruct the Clerk of the Court to reclassify this case as one falling under the FTCA. As the only proper defendant in an FTCA action is the United States of America. *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990), the Clerk of the Court will also be directed to substitute the United States of America as the sole defendant to this action.

(I) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS ASSERTED

The plaintiff seeks the recovery of property ($732.00 in cash) which he claims was improperly seized from him by federal officials in Augusta, Georgia on April 30, 1991. Plaintiff states that in 1994 he made an attempt in federal court to recover his funds. He asserts that did not consent to the funds being seized by federal officials. He demands the return of his $732.00.[2]

## DISCUSSION

On review of the complaint, it is evident that this "loss of property" claim falls under the FTCA. Under some circumstances, prison officials may be liable to federal prisoners under the FTCA for lost property. *See Sellers v. United States*, 902 F.2d 598, 601 (7th Cir.1990); *Melvin v. United States*, 963 F. Supp. 1052, 1056 (D. Kan.1997). The claim in the instant proceeding, however, suffers from fatal defect which requires dismissal with prejudice. It is barred by the both prongs of the FTCA's applicable statute of limitations.

First, an FTCA action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

---

[2]

Plaintiff explains the history of his claim as follows in § IV of his complaint form:

"it was determined by the Augusta Federal Court that the $732 did not come from any crime. On March 16, 1994 the federal court attempted to return the $732. By check No. 4619002019. Some 13 years or so later, and on and about July 20, 2006 I, James Wright received a payment history from the Federal Financial Litigation Unit showing that the $732 check was intercepted on March 16, 2004 and used to make a payment of their choice for James Wright. . . ."

[Record No. 2, p.3]

been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[3]

A plaintiff must exhaust his or her administrative remedies before he or she brings suit in federal court. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (stating that a prerequisite to suit under the FTCA is exhaustion of administrative remedies). The failure to present an administrative claim within the two-year statute of limitations period under 28 U.S.C. § 2401(b) bars federal jurisdiction. *See Singleton v. United States*, 277 F.3d 864, 873 (6th Cir.2002); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.1982).

Second, a plaintiff must bring a civil action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir.2002); *Graham v. United States*, 96 F.3d 446, 448 (9th Cir.1996); *Brockett v. Parks*, 48 Fed. Appx. 539, *541, 2002 WL 31260347, **2 (6th Cir. (Ky.) 2002).

Here, the plaintiff alleges that the unauthorized confiscation of his $732.00 occurred on April 30 1991, almost seventeen (17) years ago. He then states that in March of 1994 (fourteen

---

[3] 28 U.S.C. § 2675(a) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. (Emphasis Added).

years ago) an unsuccessful attempt was made to recover the confiscated $732.00.

The plaintiff does not allege that be undertook any effort to submit a claim under the FCTA between March of 1994 and March of 1996, upon initially learning that there was, or might have been, a problem with recovery of his $732.00 in cash. The plaintiff claims that he did not learn about the alleged "interception" of his $732.00 until he received a printout from the Federal Financial Litigation Unit in July of 2006.

This is a specious argument. For twelve years, between 1994 and 2006, the plaintiff either was or should have been on notice that his money had apparently been seized or confiscated by federal authorities, yet he waited until December 19, 2007 to file an action in federal court to recover the money. Clearly, the underlying claim here accrued in no later than March, 1994, the time at which the plaintiff first learned that his $732.00 would not be forthcoming from the federal government.

A district court has authority to dismiss an action where it is clear that the underlying claims are time-barred. *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Brockett v. Parks*, 48 Fed. Appx. at *541, 2002 WL 31260347 at **2. As the plaintiff's claims are barred by the FTCA's two-year statute of limitations, 28 U.S. C. § 2401, the complaint will be dismissed.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to reclassify this action as one falling under the Federal Tort Claims Act, Title 28 U.S.C. §§1346(b), 2671-2680, and to substitute the United States of America as the named defendant in this action.

4

(2)     The complaint [Record No. 2] is **DISMISSED WITH PREJUDICE**.

(3)     This action is **DISMISSED** from the docket of the Court.

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the substituted defendant, the United States of America.

Dated this 18th day of January, 2008.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge